O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGMAR GLOUTAK, ) | Case No. CV 11-6470 RNB |
| Plaintiff, ) | |
| vs. ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

//
//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**A. Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's adverse credibility determination with respect to plaintiff. (See Jt Stip at 3-16, 19-20.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, one of the ALJ's findings was that plaintiff's medically determinable impairment (i.e., reactive airway disease) could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity ("RFC").[2] (See AR 16.)

//

---

[2] The ALJ assessed plaintiff to have an RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: work must be in a "clean air" environment with no exposure to pulmonary irritants. (See AR 15.)

In support of this adverse credibility determination, the ALJ proffered several reasons. First, the ALJ noted that no treating or examining physician imposed more limitations than those accounted for in the ALJ's RFC assessment. (See AR 16.) Specifically, Dr. Potkin had written, consistent with the ALJ's RFC assessment, that plaintiff should have work restrictions precluding her from exposure to noxious fumes, dusts, and chemicals. (See AR 16, 473.) Moreover, although Dr. Hirsch had written that plaintiff was "temporarily totally disabled" from performing her usual and customary occupation as a hazardous materials specialist because it exposed her to pulmonary irritants, he had never opined that she was disabled from performing other work. (See AR 16, 506.) Dr. Kodama had also written that although plaintiff had a positive result on a methylcholine test indicating asthma and reactive airway disease, her test results were otherwise normal and that "specialists are having a difficult time understanding her disease process." (See AR 16, 461.) This first reason constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ properly discounted subjective pain allegations where no doctor "expressed the opinion that [plaintiff] was totally disabled" nor implied that plaintiff "was precluded from **all** work activity") (emphasis in original).

The ALJ also noted that, although plaintiff had stated that she used a cane, no physician had prescribed it. (See AR 16, 136, 504.) This reason also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ may properly consider conflict between plaintiff's alleged need for cane and fact that none of his doctors had indicated that he needed an assistive device to walk).

Another reason cited by the ALJ in support of his adverse credibility determination was his observation that plaintiff, despite her complaints of shortness of breath and troubles with speaking, was able to testify fully and articulately at the

administrative hearing. (See AR 17.) This fourth reason also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (ALJ may properly rely on his own observations at the administrative hearing as one factor in support of an adverse credibility determination); see also Verduzco, 188 F.3d at 1090 (inclusion of ALJ's personal observations of plaintiff during hearing did not render the decision improper).

The next reason cited by the ALJ was the fact that plaintiff's activities of daily living included driving, some yard work, household chores, errands, and occasional cooking. (See AR 17; 136-38.) Under Ninth Circuit jurisprudence, this reason also constituted a legally sufficient reason, supported by the evidence of record, on which the ALJ could properly rely. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly rely on inconsistencies between claimant's testimony and claimant's daily activities); Morgan, 169 F.3d at 600 (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (ability to take care of personal needs, prepare easy meals, do light housework and shop for some groceries "may be seen as inconsistent with the presence of a condition which would preclude all work activity"); see also Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ordinary techniques of credibility evaluation apply in social security cases).

Finally, the ALJ noted that, although plaintiff had pointed to a 2006 pulmonary function report as indicating serious lung problems, the report in fact showed only that plaintiff had a positive methylcholine test indicating asthma and/or reactive airway disease, but that plaintiff was asymptomatic after taking albuterol. (See AR 17, 492.) This inconsistency between plaintiff's testimony and the objective medical evidence of record also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Morgan

1  v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly
2  consider conflict between claimant's testimony of subjective complaints and objective
3  medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998)
4  (ALJ may properly rely on weak objective support for the claimant's subjective
5  complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly
6  rely on lack of objective evidence to support claimant's subjective complaints);
7  Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be
8  disregarded to the extent they are unsupported by objective findings").

9        The Court therefore finds and concludes that the ALJ did provide reasons in
10 support of his adverse credibility determination here that were supported by
11 substantial evidence in the record and were sufficiently specific to permit the Court
12 to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony.[3]

13

14 **B.   Reversal is not warranted based on the ALJ's alleged error in his severity**
15      **determination (Disputed Issue No. 2).**

16       Although the ALJ found that plaintiff had a "severe" impairment (i.e., reactive
17 airway disease) at Step Two of the Commissioner's sequential evaluation process,
18 plaintiff contends that the ALJ also should have found that her hoarseness, cough,

---

[3] The ALJ also noted that plaintiff only took one Vicodin a day and her pain appeared to be controlled by this medication as its dosage had not been increased and no other pain medication had been tried. (See AR 16, 259.) The Court is unable to find that this stated reason was supported by the evidence of record, since there was evidence in the record that petitioner had tried another pain medication (Mobic), but she did not tolerate it or get relief from it. (See AR 276.) However, the Court finds that this error by the ALJ was harmless because the ALJ's remaining reasons and ultimate credibility determination were supported by substantial evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

and pain were severe impairments. (See Jt Stip at 20-23, 24-25.) However, it appears from the record that plaintiff's hoarseness, cough, and pain were merely symptoms of her reactive airway disease. (See AR 255, 433-35, 477-79.) Although the ALJ is required to consider these symptoms in determining the severity of plaintiff's reactive airway disease, see Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996), plaintiff has not even purported to cite objective medical evidence in the record of any medically determinable impairments, in addition to her reactive airway disease, that could reasonably be expected to produce these alleged symptoms.

## C. Reversal is not warranted based on the ALJ's alleged failure to make a proper RFC assessment (Disputed Issue No. 4).

Disputed Issue No. 4 is directed to the ALJ's RFC assessment. (See Jt Stip at 36-40, 41.) As set forth above, the ALJ determined that plaintiff had an RFC to perform a full range of work at all exertional levels but with a non-exertional limitation to work in a "clean air" environment with no exposure to pulmonary irritants. (See AR 15.) Plaintiff alleges that the ALJ's RFC assessment also should have accounted for her hoarseness, cough, and pain. (See Jt Stip at 38.) However, plaintiff has failed to point to any medical evidence establishing that any additional limitations would have been appropriate based on these symptoms.[4] Rather, the record indicates that plaintiff's hoarseness, cough, and pain were attributable to exposure to pulmonary irritants such as smoke and chemicals (see AR 37, 38, 255, 433), which the ALJ's RFC assessment precludes. See Bray v. Comm'r of Social Sec. Admin., 554 F.3d 1219, 1229 (9th Cir. 2009) (ALJ's RFC assessment was reasonable where it was based on limitations grounded in the administrative record).

---

[4] Plaintiff does allege that her symptoms caused her to miss one day of work per week (see Jt Stip at 39), but no physician opined that such absences were necessary. (See AR 353.)

D.  **Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions of plaintiff's treating physicians (Disputed Issue No. 3).**

Disputed Issue No. 3 is directed to the ALJ's alleged rejection of the opinions of plaintiff's treating physicians, Drs. Hirsch and Potkin, who each stated that at various times, plaintiff was "temporarily totally disabled" for purposes of her worker's compensation case. (See Jt Stip at 25-33, 34-36; see also AR 435, 506.)

As an initial matter, worker's compensation opinions are not conclusive in Social Security cases. See Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1996); see also 20 C.F.R. § 404.1504 (disability adjudications by other agencies are not binding on the Commissioner). Nor is the ALJ bound by any medical opinion "on the ultimate issue of disability." See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); see also 20 C.F.R. § 404.1527 (d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

In any event, to the extent that plaintiff construes the opinions of Drs. Potkin and Hirsch as establishing her disability under the Commissioner's regulations, such a conclusion was not supported by any findings in the physicians' treatment records. Rather, their treatment notes were consistent with the ALJ's RFC determination that plaintiff could work at all exertional levels, but that she be limited to work in a "clean air" environment with no exposure to pulmonary irritants. (See AR 303, 473.) As the ALJ found, to the extent that Drs. Potkin and Hirsch found plaintiff to be "temporarily totally disabled," their opinions precluded her only from her usual and customary occupation as a hazardous materials specialist or other jobs that would expose her to fumes or chemicals, but did not preclude her from other jobs, such as office work, with no exposure to pulmonary irritants. (See AR 16, 210, 217, 230, 255, 303, 473, 506.)

//

1    The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions of Drs. Hirsch and Potkin.

**E.    Reversal is not warranted based on the ALJ's alleged failure to fully and fairly develop the record (Disputed Issue No. 5).**

Disputed Issue No. 5 is directed to the ALJ's development of the record during the administrative hearing, which plaintiff attended without counsel. (See Jt Stip at 41-45, 47-48.) Plaintiff points to two instances during the hearing where the ALJ allegedly failed to develop the record: (1) early in the hearing, plaintiff commented that her medical records were incomplete and that she had difficulty reading the electronic medical exhibits (see AR 31, 36-37); and (2) later in the hearing, plaintiff started coughing (see AR 45), but the ALJ allegedly failed to inquire about it. Neither incident demonstrates that the ALJ failed to properly develop the record. First, the ALJ kept the record open for plaintiff to submit additional medical records (which plaintiff eventually did) and allowed plaintiff to submit comments about the exhibits after the hearing. (See AR 31, 37, 488-509.) Second, the ALJ did in fact inquire about plaintiff's coughing spells during the hearing and made an RFC assessment precluding plaintiff from exposure to pulmonary irritants which were known to cause her coughing. (See AR 15, 37.)

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: April 26, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE